IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CLYDE HARPER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:17CV167 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| NE DEPT OF CORR. SERVICES, | ) | **AND ORDER** |
| and NE BLUE CROSS BLUE | ) | |
| SHIELD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on its own motion. In a Memorandum and Order entered on May 17, 2017 (Filing No. 4), Plaintiff was ordered to show cause for why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g)[1] or pay the court's $400.00 filing and administrative fees since Plaintiff, while a prisoner, has had more than three cases dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Upon further review, the court has discovered that this order erroneously omitted a list of Plaintiff's prior dismissed cases, and instead included a list of cases brought by another pro se plaintiff. The court will remedy its error in this Memorandum and Order.

The following five civil actions brought by Plaintiff, while a prisoner, were dismissed as frivolous or as failing to state a claim upon which relief may be granted:

---

[1]A prisoner cannot "bring a civil action . . . or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

• *Clyde E. Harper v. Douglas County Correctional Center*, No. 8:02CV320 (D. Neb.), dismissed for failure to state a claim upon which relief may be granted on January 28, 2003.

• *Clyde E. Harper v. Douglas County Correctional Center*, No. 8:02CV285 (D. Neb.), dismissed for failure to state a claim upon which relief may be granted on July 1, 2003.

• *Clyde E. Harper v. Douglas County, et al.*, No. 8:02CV287 (D. Neb.), dismissed for failure to state a claim upon which relief may be granted on July 22, 2003.

• *Clyde E. Harper v. Scott A. Calkins*, No. 8:04CV536 (D. Neb.), dismissed for failure to state a claim upon which relief may be granted on October 25, 2004.

• *Clyde E. Harper v. Judge Coffey*, No. 4:15CV3033 (D. Neb.), dismissed for failure to state a claim upon which relief may be granted on July 20, 2015.

Further, Plaintiff's Complaint in this case does not allege that he is in imminent danger of serious physical injury. Accordingly, Plaintiff has until July 21, 2017, to show cause why this matter should not be dismissed pursuant to 28 U.S.C. § 1915(g). Alternatively, Plaintiff may pay the full $400.00 filing fee no later than July 21, 2017. In the absence of good cause shown or the payment of the full filing fee, Plaintiff's Complaint and this matter will be dismissed without further notice.

IT IS ORDERED:

1. The court's memorandum and order entered May 17, 2017 (Filing No. 4), is set aside and vacated.

2. Plaintiff has until July 21, 2017, to either show cause why this case should not be dismissed pursuant to 28 U.S.C. §1915(g) or pay the full $400.00 filing

fee. In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

3. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 21, 2017: Deadline for Plaintiff to show cause or pay full filing fee.

DATED this 21st day of June, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge